# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ARDURRA GROUP, INC.,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No.: 19-cv-3238 |
| **DANIEL GERRITY,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                       **NOVEMBER 5, 2019**

      Presently before the Court is Defendant's Motion for Reconsideration of our Order of September 9, 2019 in which we granted Ardurra's Motion for Reconsideration and ordered that, "The Preliminary Injunction Order at Docket No. 11 prohibits Defendant from being employed by or performing work for or on behalf of Bernhard and its portfolio and related companies and funds." (Docket No. 23).

      The purpose of a motion for reconsideration is to correct manifest errors of the law or fact or to present newly discovered evidence. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999).[1]

      The issues raised in the present motion have all been considered before either in the discussion following the preliminary hearing on August 8, 2019, see arguments of counsel pp 67-79 at Docket No. 18; the telephonic conference transcript (Docket No. 25), Plaintiff's motion for reconsideration (Docket No. 17), Defendant's response (Docket No. 20) or Plaintiff's reply, (Docket No. 22). For this reason, we enter the following order.

---

[1] Plaintiff in addition makes the argument that at least some of Defendant's arguments are time-barred because they related to ruling of the Court that were more than 14 days prior to the filing of this motion to reconsider. Because this motion was filed within 14 days after the order of September 9, 2019, we have considered all of Defendant's arguments.